CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 01 2010

JOHN F. CORCORAN, CLERK
BY:
           DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MELISSA R. DUNFORD, | )<br>) |
| Plaintiff, | ) Case No. 7:09CV00523<br>) |
| v. | )<br>) |
| | ) MEMORANDUM OPINION<br>) |
| NEW RIVER VALLEY REGIONAL<br>JAIL, ET AL, | ) By: Glen E. Conrad<br>) United States District Judge<br>) |
| Defendants. | |

Plaintiff Melissa Dunford, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In her complaint, Dunford alleges that officials at the New River Valley Regional Jail have violated her constitutional rights by refusing to allow her to correspond with her incarcerated husband, by subjecting her to a strip search and cavity search, and by depriving her of adequate medical treatment. Upon review of the record, the court finds that the complaint must be summarily dismissed.

## Background

Dunford filed this complaint, naming the jail as the only defendant. The court conditionally filed it, notifying her that the jail is not a "person" subject to suit under § 1983. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992). The order also advised Dunford that she had twenty days to amend to name defendants subject to suit under § 1983 and to provide additional details about her claims.[1] Dunford responded to the order with

---

[1] In addition, the court directed her to consent to payment of the filing fee through installments to be withheld from her inmate trust account as money became available and to submit additional information about exhaustion of

a motion to amend, naming two new defendants, Mr. G. McPeak and Col. Lawson; her motion will be granted. However, her complaint as amended fails to state any claim upon which relief can be granted.

## Discussion

To state a cause of action under § 1983, a plaintiff must establish that she has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." The factual allegations in the complaint must contain "more than labels and conclusions" and "must be enough to raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). After review of Dunford's allegations as amended, the court concludes that she fails to allege facts stating any plausible claim actionable under § 1983.

It is not clear from Dunford's allegations whether all the events about which she complains occurred while she was a pretrial detainee or after she was convicted of criminal offenses. Claims concerning confinement conditions imposed upon pretrial detainees are to be evaluated under the Due Process Clause, rather than under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535-538 (1979). Because due process proscribes punishment of a detainee before proper adjudication of guilt has been accomplished, the court must determine

---

administrative remedies. The order notified her that failure to comply with any of these conditions would result in dismissal of the complaint. She has not returned an executed consent form as directed. Her failure to do so presents an alternative ground for dismissal of this action.

whether the challenged jail conditions amount to punishment of the detainee. Id. Conditions cannot be considered punishment so long as they are rationally connected to a legitimate, nonpunitive, penological purpose and are not excessive in relation to that purpose. Id. However, as a practical matter, the contours of the Due Process Clause in the prison context tend to be coextensive with the substantive constitutional principles applied via the Eighth Amendment to convicted inmates. Riley v. Dorton, 115 F.3d 1159, 1166-67 (4th Cir. 1997) (excessive force); Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992) (medical needs).

Dunford's first claim—that officials would not allow her to write directly to, or receive letters from, her incarcerated husband—does not offend any constitutional principles. The principle that inmates retain at least some constitutional rights must be weighed against the recognition that prison authorities are better equipped than courts to make difficult decisions regarding prison administration. Washington v. Harper, 494 U.S. 210 (1990). Accordingly, there need be only a rational connection between a prison policy and a legitimate governmental interest put forward to justify it. Turner v. Safley, 482 U.S. 78, 89-91 (1987). The burden of proof under the Turner analysis is on the prisoner to disprove the validity of the prison regulation at issue. Overton v. Bazzetta, 539 U.S. 126, 132 (2003).

A general rule that inmates cannot correspond directly with other inmates furthers a legitimate interest for prison officials to prevent communication of plans for escape or movement of contraband. Thus, such a policy withstands a constitutional challenge. At the jail, the rule is not so harsh. Officials did not bar Dunford from writing to her husband forever, but only

withheld the privilege until she earned it.[2] A "Note" attached to the complaint appears to indicate that as of December 16, 2009, jail officials informed Dunford that she would be able to write to her husband, and that she could start receiving letters from him, if certain conditions were met. Furthermore, the limitation on Dunford's mail with her spouse had no effect on her ability to receive mail from other family members, who may communicate with her and her husband to provide them with news about each other. As her allegations about the correspondence limitation do not describe a deprivation of constitutional rights, this claim must be dismissed, pursuant to § 1915A(b)(1).

In her second claim, Dunford alleges that unnamed jail officials placed her in the "drunk tank" and subjected her to a strip search and cavity search. Although advised by the court's order to provide the specific circumstances of the search, she fails to do so. She alleges only that she was holding four cigarettes for another inmate and was then accused by a third inmate of "suit casing" drugs. She asserts that no one else received such treatment over cigarettes and that a doctor should have been present.

The United States Supreme Court has clearly upheld as constitutional random strip searches and visual body cavity searches of inmates, whether convicted felons or pretrial detainees, after they return from opportunities to obtain contraband, such as contact visits. Bell v. Wolfish, 441 U.S. 520, 558 (1979). In the balancing test under Turner, if officials have information giving them probable cause to believe that an inmate is violating prison rules in a way that endangers the security of the institution, their security interest would be increased, and a

---

[2] Dunford complains that other inmates are allowed to write to their incarcerated family members. She does not, however, indicate that any of these individuals were allowed this privilege without first earning it, as she has done.

more invasive type of body search would be a rationally related method of furthering that interest. 482 U.S. at 89-91. They would also have a rational basis on which to treat that inmate differently than others not similarly situated. See Moss v. Clark, 886 F.2d 686 (4th Cir. 1989) (finding that officials may treat similarly situated inmates differently, provided basis for different treatment is rationally related to legitimate state interest).

Dunford has simply not alleged sufficient facts on which she could prove that the searches at issue were unreasonable, given her behavior and the other inmate's tip to authorities. Nor has she alleged that the conditions under which the searches were conducted or the methods used were unreasonable under the circumstances. She fails to demonstrate any constitutional right to have a doctor present during such searches, and the court knows of no such right.

Most importantly, Dunford fails to allege facts concerning how the two defendants she has named in her amended complaint had any personal involvement with the strip search and cavity search. She merely states that because McPeak and Lawson are "the ones who make the final decisions" at the jail, they are responsible for the allegedly unconstitutional actions of their subordinates. This statement does not accurately reflect the law under § 1983. Section 1983 requires a showing of personal fault on the part of a defendant, based either on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982). Because Dunford does not allege facts on which she could prove that McPeak and Lawson were personally involved in the searches or that they were conducted pursuant to a policy for which McPeak or Lawson was responsible, she fails to state any constitutional claim against these defendants individually. Because her allegations, even after an opportunity to amend and

particularize her claims, are not sufficient to state a plausible claim that either of these defendants took actions that violated her rights, this claim must be summarily dismissed, pursuant to § 1915A(b)(1).

Dunford's third claim alleges various problems she has had at the jail in obtaining the medical care and mental health treatment that she believes she needs. As to this claim as well, she does not allege facts indicating that the named defendants have been personally involved in the alleged deprivations in any way. Thus, she fails to state any actionable claim against them. Fisher, supra. Moreover, to the extent that these supervisory officials are not medical professionals, they could rightfully rely on the judgments of the jail's medical staff as to the proper course of treatment for Dunford's various medical and mental health needs. See Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). This claim must be dismissed, pursuant to § 1915A(b)(1), for failure to state any actionable claim. An appropriate order will issue this day.

The plaintiff is advised that she may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 1st day of February, 2010.

_____
United States District Judge